**BLANK ROME LLP**
John D. Kimball
Michael B. Schaedle
Gregory F. Vizza (*pro hac vice* admission pending)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel: (212) 885-5000
Fax: (212) 885-5001

*Attorneys for the Foreign Representative*
*of Daebo International Shipping Co., Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X  Chapter 15
In re:                                                       :
                                                             :  Case No. 15-_____ (   )
DAEBO INTERNATIONAL SHIPPING CO.,                            :
LTD.,                                                        :
                                                             :
              Debtor in a Foreign Proceeding                 :
------------------------------------------------------------ X

**VERIFIED PETITION UNDER CHAPTER 15 FOR**
**RECOGNITION OF A FOREIGN MAIN PROCEEDING**

Chang-Jung Kim, the custodian and foreign representative (the "Petitioner") of Daebo International Shipping Co., Ltd. (the "Company" or "Debtor") in the Company's proceeding (case number 2015 HoeHap 10036 Rehabilitation) (the "Korean Bankruptcy Proceeding") under the Republic of Korea's Debtor Rehabilitation and Bankruptcy Act (as amended, the "DRBA") pending before the 21st Bankruptcy Division of the Seoul Central District Court (the "Korean Bankruptcy Court") respectfully files this *Verified Petition* (the "Verified Petition") *under Chapter 15 of title 11 of the United States Code* (the "Bankruptcy Code") *for Recognition of a Foreign Main Proceeding.* This Verified Petition is filed in furtherance of (i) the *Official Form Petition* (collectively, with this Verified Petition, the "Petition")[1] filed contemporaneously

---

[1] Attached as an exhibit hereto is the *Declaration of Jang Ho Lim of Bae, Kim & Lee (Korean Rehabilitation Counsel) in Support of Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceeding* (the "Korean Counsel Declaration"). All exhibits referred to herein (in English translation) are attached to the Korean



herewith pursuant to Bankruptcy Code sections 1504 and 1515 commencing a case under chapter 15 ancillary to the Korean Bankruptcy Proceeding; (ii) seeking recognition of the Korean Bankruptcy Proceeding as a "foreign main proceeding"; and (iii) granting certain related injunctive and provisional relief.

The Petitioner has commenced this chapter 15 case by filing the Petition contemporaneously with, and accompanied by, all certified documents, statements, lists and documents required under chapter 15 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Petitioner seeks recognition of the Korean Bankruptcy Proceeding pending before the Korean Bankruptcy Court as a "foreign main proceeding" and certain injunctive relief and provisional relief in aid thereof.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Code sections 109 and 1501, and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting CJ.), dated July 10, 1984 and Amended Standing Order of Reference M-431 dated January 31, 2012 (Preska, Acting CJ). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

---

Counsel Declaration. In addition, all capitalized terms not otherwise defined herein have the meaning ascribed to them in the Korean Counsel Declaration.

# BACKGROUND[2]

### A. Capital Structure of the Company and Overview of its Business

3. The Company was established on or about August 1974 as Daebo Shipping Co., Ltd., which was later merged into Daebo International Shipping Co., Ltd. on or about January 5, 2010. It is organized under the laws of the Republic of Korea, with a registered address at 7th floor 15 Saemunan-ro 3-gil (Dangju-dong), Jongno-gu, Seoul, Korea.

4. The Company engages in the marine cargo transport business and also acts as an international shipping agency providing marine cargo transportation forwarding, ship management, and combined transport agency and trading to its customers. The Company operates bulk carriers as its core business.

5. The sales of the Company were about $143 million as of 2013 and $140 million as of 2014, generated by voyage, charter-out and other revenue. Voyage revenue accounted for approximately 85% of the total sales of the Company. Key customers include KEPCO, Malaysia Electric Power Company, SeAH Steel Corp. and Hanwha Chemical, for which the Company transports coal, steel products and salt.

6. The Company operated a total of nineteen vessels as of the filing of the Application. The Company owns one vessel, operates three vessels owned by special purpose company by way of bareboat charter hire and purchase and operates at least one vessel under a certain *Lease Agreement* (the "TRADER Lease") between Daebo as lessee and Shinhan Capital Co., Ltd. ("Shinhan"), as lessor, dated November 28, 2007. A true and correct English translation of the TRADER Lease is attached to the Korean Counsel Declaration as **Exhibit "A"**.

---

[2] The complete history and background of the Company is detailed in the *Application for Commencement of Rehabilitation Proceedings* ("Application") filed with the Korean Bankruptcy Court. An English translation of the Application is attached as **Exhibit "B"** to the Korean Counsel Declaration. The background contained herein is summary in nature only. Parties should refer to the Application for further detail.

3

Further, the Company operates five vessels under long-term charter parties and eight vessels under short term charter parties. As of March 5, 2015, the Company operates a total of thirteen vessels, having re-delivered some of the long-term and short-term chartered vessels.

7. The Company currently has outstanding 383,824 shares of stock which is owned by the following entities/individuals in the percentages reflected:

| Name of Entity/Individual | Percentage of Outstanding Stock Owned |
|---|---|
| Chang-Jung Kim | 35.4% |
| Jae Young Noh | 21.8% |
| Daebo International Shipping Co., Ltd. | 20.4% |
| Young Chul Yoon | 9.6% |
| Ji Eun Oh | 7.2% |
| Won Jae Kim | 4.8% |
| Ministry of Strategy and Finance | 0.8% |

8. The Company regularly trades in various ports in the United States as a core part of its business, including, without limitation, ports in the Gulf Coast and the Eastern seaboard, including New York. One of its leased vessels, the DAEBO TRADER, is currently located in the Port of New Orleans, Louisiana, where it is subject to Rule B attachment proceedings. Blank Rome LLP holds a certain unused retainer from the Company in New York in connection with legal services performed in respect of the Rule B Actions (defined below) and this chapter 15 proceeding.

B. **The Current Korean Bankruptcy Proceeding**

9. On February 11, 2015, the Company applied for rehabilitation under the DRBA

by filing the Application. Thereafter, the Korean Bankruptcy Court received the Application and, on February 13, 2015, entered an *Order* preventing the Company from, *inter alia*, disposing of any assets and repaying any debts ("Preservation Order"). Also on February 13, 2015, the Korean Bankruptcy Court entered an *Order* preventing any creditor from taking any enforcement, attachment or other action against the Company's assets ("Comprehensive Stay Order").

10. The Comprehensive Stay Order and Preservation Order were effective pending the Korean Bankruptcy Court's entry of the *Order* commencing the rehabilitation proceeding with respect to the Company ("Commencement Order"), which was issued on March 6, 2015. Also on March 6, 2015, the Korean Bankruptcy Court entered an *Order* concerning the Custodian's authority to act during the Korean Bankruptcy Proceeding ("Custodian Authority Order") and has specifically authorized the filing of this chapter 15 case.

11. Upon entry of the Commencement Order, and in accordance with Articles 74(3), 74(4) and 640 of the DRBA, Petitioner, as custodian and as chief executive officer of the Company, has power to conduct all of the Company's business, manage all of its property, and carry out relevant activities overseas for Korean bankruptcy purposes and procedures – all under the conditions prescribed by the relevant foreign legislation, subject to the Korean Bankruptcy Court's supervision.

12. Accordingly, the Petitioner is authorized to act as "foreign representative" of the Company in this chapter 15 case. Certified copies of the Comprehensive Stay Order, Preservation Order, Commencement Order, and Custodian Authority Order, in English translation, are attached to the Korean Counsel Declaration as **Exhibit "C"**, **Exhibit "D", Exhibit "E"**, and **Exhibit "F"** respectively.

5

13. Under the DRBA, and similar to the automatic stay provision under Bankruptcy Code section 362, creditors of the Company are stayed from: (i) commencing or prosecuting claims that arose prior to the commencement of this rehabilitation proceeding, and (ii) executing on the assets of the Company. DRBA Art. 58.

### C. Prior Pending Litigation

14. The Company is involved in several lawsuits pending in the United States District Court for the Eastern District of Louisiana: (i) *Richardson Stevedoring & Logistics Services, Inc. v. Daebo International Shipping Co. Ltd. and Shinhan Capital Co. Ltd.*, Case No. 2:15-cv-490; (ii) *SPV 1 LLC v. Daebo International Shipping Co. Ltd. and Shinhan Capital Co. Ltd.*, Case. No. 2:15-cv-494; (iii) *American Marine Services, Inc. v. Daebo International Shipping Co. Ltd. and Shinhan Capital Co. Ltd.*, Case No. 2:15-cv-496, and (iv) *Jaldhi Overseas PTE. Ltd. v. Daebo International Shipping Co. Ltd. et al.* (Case No. 15-cv-00758) (collectively, the "Rule B Actions").

15. On February 14, 2015, Richardson Stevedoring & Logistic Services, Inc. ("Richardson") brought maritime attachment proceedings against the Company and Shinhan Capital Co. Ltd. ("Shinhan") in New Orleans, Louisiana in order to attach the M/V DAEBO TRADER alleging claims for stevedoring services provided in Houston, Texas, to other "Daebo vessels" (not the DAEBO TRADER) to a total amount of $1,632,285.25. In the initial pleadings, Richardson primarily asserted that Shinhan (the reported disponent owner of the DAEBO TRADER) is merely an *alter ego* of the Company. On February 15, 2015, the Court granted the motion for writ of attachment, and the U.S. Marshal seized the DAEBO TRADER.

16. Subsequent to the initial filing by Richardson, SPV 1 LLC ("SPV") filed a separate suit seeking payment relating to the use of the M/V KASEY to the amount of

6

$219,240.55. Similarly, American Marine Services, Inc. ("AMS") filed a separate suit for services to various vessels in the total amount of $312,809.16. The Court entered an order consolidating all the Rule B Actions in the Richardson suit.[3]

17. On February 23, 2015, Dana Shipping and Trading S.A. ("Dana"), the time charterer of the DAEBO TRADER, filed a motion to vacate the attachment asserting arguments on the *alter ego* issue and seeking the vessel's immediate release. Richardson responded by asserting that the financial arrangement between the Company and Shinhan is essentially a sham such that the Company is the real owner of the DAEBO TRADER as well as the other "Daebo vessels" at issue. Dana's motion to vacate was denied by Order dated March 2, 2015, and the cases remain active and the attachment remains in place. On March 6, 2015, SPV amended its complaint to assert facts to support an alter ego claim as well as allegations concerning an alleged fraudulent transfer.

18. Jaldhi Overseas PTE. Ltd. ("Jaldhi") filed its Rule B attachment proceeding (the "Jaldhi Action") on March 10, 2015, essentially duplicating the claims raised by Richardson, AMS and SPV asserting a claim for $516,512. It is expected that the Jaldhi Action will be consolidated with the other Rule B Actions before Judge Feldman. Thus, the Rule B Actions remain active and the DAEBO TRADER is restrained from leaving the Port of New Orleans with its cargo.

19. Each Rule B Action and resulting attachment is in violation of the Comprehensive Stay Order and the Commencement Order. Richardson's *alter ego* allegations are not supportable. Shinhan is not affiliated with the Company. The two entities have different

---

[3] Each of the above-referenced actions is in the nature of a pre-judgment attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Cases of the Federal Rules of Civil Procedure. Rule B process can only issue against beneficial owners of property subject to attachment. See Austral Asia PTE Ltd. v SE Shipping Lines PTE Ltd., et al., 2012 WL 2567149, *2 (E.D.La.2012).

7

businesses, capital structures and managers. Shinhan Bank lent monies to the Company and Shinhan Capital is a lease-counter party with the Company. Shinhan Capital is record owner of the DAEBO TRADER and leases the DAEBO TRADER to the Company under the TRADER Lease, which is governed by Korean law. It is irrelevant that Shinhan Capital is not an operator of other vessels, since it is customary in marine finance for the vessel owner/lessor not to be an entity in the business of operating vessels the way that a bareboat charterer or time charterer typically would be. Shinhan Capital is the registered owner of the vessel, and Shinhan Bank is a lender to the Company. As a lender, Shinhan Bank holds a mortgage on the DAEBO TRADER, which is permitted by Korean law with the consent of the lessor (Shinhan Capital).

20. Since the Company is not the owner of the DAEBO TRADER, the Rule B Actions should be stricken. But the Company is seeking the vacation of the Rule B Actions through this chapter 15 and its Ex Parte *Application for Provisional Relief Pending Recognition of a Foreign Main Proceeding* ("Provisional Relief Application") because of the exigent need to get the detained cargo of the DAEBO TRADER (soybeans) to its ultimate destination, protecting the Company from additional losses. Since the Rule B Actions were filed after the Comprehensive Stay Order (staying all unsecured creditor attachment actions against the Company) was entered by the Korean Bankruptcy Court and the Jaldhi Action was filed after the Commencement Order was entered by the Korean Bankruptcy Court, the Rule B Actions are subject to *vacatur* in this chapter 15 as more fully set forth in the Provisional Relief Application.

21. The contests over the Rule B Actions underscore the need to protect the Company's valuable trade in the United States, in the Gulf and on the Eastern seaboard of the United States, by recognizing the Korean Rehabilitation Proceeding and staying creditor action against Company assets in the United States.

## STATUTORY BASIS FOR RELIEF REQUESTED

22. Chapter 15 of the Bankruptcy Code was specifically designed to assist foreign representatives such as Petitioner in the performance of his duties. One of its express objectives is the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor." 11 U.S.C. § 1501(a)(3); see also Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.), 714 F.3d 127, 132 (2d Cir. 2013); In re Rede Energia S.A., 515 B.R. 69 , 89-92 (Bankr. S.D.N.Y. 2014).

23. The Petition satisfies all of the requirements set forth in Bankruptcy Code section 1515. Moreover, the relief requested is necessary and appropriate under chapter 15 of the Bankruptcy Code. Granting recognition to the Korean Bankruptcy Proceeding and the relief requested is consistent with the goals of international cooperation and assistance to foreign courts, embodied in chapter 15 of the Bankruptcy Code.

24. Petitioner submits that the relief sought herein is well within the scope of chapter 15 and that the criteria for recognition.

## RELIEF REQUESTED

25. Petitioner seeks recognition of the Korean Bankruptcy Proceeding as a "foreign main proceeding" and hereby seeks entry of an order of this Court, substantially in the form of the *Order Granting Recognition and Relief in Aid of a Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 105(a), 1517, 1520 and 1521*, attached hereto as Exhibit 1, (the "Proposed Order") granting the following relief in support of the Korean Bankruptcy Proceeding:

    (a) recognition of the Korean Bankruptcy Proceeding as a "foreign main proceeding" as defined in 11 U.S.C. § 1502(4) pursuant to 11 U.S.C. § 1517;

9

(b) recognition of Petitioner as the "foreign representative" of the Company within the meaning of 11 U.S.C. § 101(24) and for all purposes under chapter 15 of the Bankruptcy Code;

(c) all relief afforded foreign main proceedings automatically upon recognition, including the "automatic stay" under Bankruptcy Code section 362, as of right pursuant to 11 U.S.C. § 1520, or, if not as of right, then as additional relief to the extent authorized by 11 U.S.C. § 1521.

26. Petitioner also hereby seeks the following additional relief pursuant to 11 U.S.C. §§ 105(a), 1504, 1507, 1515, 1517, 1519, 1520 and 1521 and, if and as necessary, Rule 65 of the Federal Rules of Civil Procedure as made applicable herein by Rule 7065 of the Federal Rules of Bankruptcy Procedure, as set forth in the form of the Proposed Order, including, without limitation:

(a) all of the following relief:

i. staying the commencement or continuation of any action or proceeding concerning the assets (whether owned, leased, chartered or operated), rights, obligations or liabilities of the Company to the extent not stayed under 11 U.S.C. § 1520(a);

ii. staying the continued prosecution (including discovery) of any ongoing litigation against the Company and the commencement of any additional actions against the Company (to the extent not already stayed by an order of this Court);

iii. staying execution against the assets of the Company to the extent not stayed under 11 U.S.C. § 1520(a);

10

        iv.    providing for the foreign representative to continue or commence actions in the federal or state courts of the United States and accordingly, to seek examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Company, and finding that such information is required in the Korean Bankruptcy Proceeding under the law of the United States;

        v.    entrusting the administration or realization of all or part of the assets of the Company within the territorial jurisdiction of the United States to the Petitioner, including, without limitation, incorporating the Order granting the Provisional Relief Application herein as may be necessary;

        vi.    recognizing any further orders of the Korean Bankruptcy Court, including, without limitation, orders relating to the rehabilitation of the Company, the administration of claims and interests in the Company and its assets, and permitting the Petitioner and the Company to seek further implementing relief from the Court under Bankruptcy Code sections 1519(a) and 1521(a); and

(b)    such other and further relief as the Petitioner may request from time to time, to the extent authorized by 11 U.S.C. § 1507 and additional assistance as authorized by 11 U.S.C. § 1507, and granting the Petitioner such other and further relief as this Court may deem just and proper.

11

27. Granting the above relief and recognizing the Korean Bankruptcy Proceeding will ensure that the Company's affairs are expeditiously resolved, thus such relief is consistent with the goals of chapter 15.

## BASIS FOR RECOGINITION AND RELIEF REQUESTED

28. Bankruptcy Code section 1517 provides that, after notice and a hearing, an order recognizing a "foreign proceeding" shall be entered if "(1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502; (2) the foreign representatives applying for recognition are persons or body; and (3) the petition meets the requirements of section 1515." 11 U.S.C. § 1517(a).

29. As a threshold matter, this Court has, in the past, entered many orders recognizing Korean bankruptcy proceedings pursuant to Bankruptcy Code section 1517(a). See, e.g., In re Daehan Shipbuilding Co., Ltd., Case No. 14-12391 (SHL) (Bankr. S.D.N.Y. 2014); In re STX Pan Ocean Co. Ltd., Case No. 13-12046 (SCC) (Bankr. S.D.N.Y. 2013); In re Korea Line Corp., Case No. 11-10789 (REG) (Bankr. S.D.N.Y. 2011); In re Daewoo Logistics Corp., Case No. 09-15558 (BRL) (Bankr. S.D.N.Y. 2009); In re Samsun Logix Corp., Case No. 09-11109 (SMB) (Bankr. S.D.N.Y. 2009). For the reasons set forth below, the Court should likewise recognize the Korean Bankruptcy Proceeding as a "foreign main proceeding" pursuant to Bankruptcy Code section 1517(a).

### A. The Korean Bankruptcy Proceeding is a Foreign Proceeding and Petitioner is the Company's Foreign Representative.

30. Bankruptcy Code section 101(23) provides the definition for a "foreign proceeding":

> The term "foreign proceeding" means a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control

12

or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).

31. Bankruptcy Code section 101(24) provides the definition of a "foreign representative":

> The term "foreign representative" means a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24).

32. As demonstrated by the Petition and the exhibits thereto, Petitioner assumed the role of the custodian for the Company in accordance with the DRBA. Given his comprehensive authority over the Company, its rehabilitation, and this chapter 15 case in particular, Petitioner qualifies as a "foreign representative" of the Company.

33. It is beyond cavil that the DBRA, the Korean law equivalent of chapter 11, is a collective insolvency law, designed to optimize recoveries for creditors and other stakeholders and ensure the survival of troubled companies. This is clearly set forth in the Korean Counsel Declaration and further evidenced by the routine recognition of Korean rehabilitation proceedings by this Court. See In re Daehan Shipbuilding Co., Ltd., Case No. 14-12391 (SHL); In re STX Pan Ocean Co., Ltd., Case No. 13-12046 (SCC); In re Korea Line Corp., Case No. 11-10789 (REG); In re Daewoo Logistics Corp., Case No. 09-15558 (BRL); In re Samsun Logix Corp., Case No. 09-11109 (SMB). Accordingly, the Korean Bankruptcy Proceeding qualifies as a foreign proceeding.

34. A foreign proceeding will be recognized as a foreign main proceeding if "it is pending in the country where the debtor has the center of its main interests." 11 U.S.C. §

13

1517(b)(1). Bankruptcy Code section 1516 establishes a rebuttable presumption that the debtor's registered office is the debtor's center of main interests ("COMI"). See 11 U.S.C. § 1516. When considering a debtor's COMI, courts may consider the analogous concept of an entity's "principal place of business" or "nerve center." Morning Mist, 714 F.3d at n.10. As such, courts will look to factors such as the location of the debtor's headquarters, the location of those who actually manage the debtor, and the location of the debtor's primary assets, among other things, to determine the foreign debtor's COMI. Id. at 130.

35. The above factors conclusively favor a finding that the Company's COMI is Korea. The majority of the Company's operations are centered in Korea, its head office is located in Korea, its directors are located in Korea, it is incorporated under the laws of Korea, and its employees work in Korea. As such, the Korean Bankruptcy Proceeding constitutes a foreign main proceeding.

**B. The Korean Bankruptcy Proceeding Meets the Remaining Requirements for Recognition.**

36. The Petition and the supporting documentation satisfy all the remaining requirements for recognition. First, the Petitioner is an individual and, thus, a "person" within the meaning of Bankruptcy Code section 101(41).

37. In addition, Petitioner has satisfied all of the procedural requirements set forth in Bankruptcy Code section 1515 and Bankruptcy Rule 1007(a)(4):

> (a) First, the Petition is accompanied by a certified copy of the Commencement Order, which provides evidence of the existence of a foreign proceeding in Korea and that Petitioner, in accordance with the DRBA, has assumed the role of custodian and "foreign representative" of the Company. (See Exhibit E to the Korean Counsel Declaration) As a

14

           result, Petitioner has satisfied the requirements of Bankruptcy Code section 1515(b). <u>See</u> 11 U.S.C. § 1515(b)(1).

    (b)    <u>Second</u>, Petitioner has provided a statement confirming that there are no other foreign proceedings other than the Korean Bankruptcy Proceeding, thereby satisfying Bankruptcy Code section 1515(c).

    (c)    <u>Third</u>, all the documents supporting the Petition have been translated into in English, thereby satisfying Bankruptcy Code section 1515(d).

    (d)    <u>Finally</u>, the lists and statements required under Bankruptcy Rule 1007(a)(4) have been included with the Petition.

38.    Accordingly, Petitioner and the Petition satisfy all of the requirements for recognition of the Korean Bankruptcy Proceeding as a foreign main proceeding.

## RESERVATION OF RIGHTS

39.    Pursuant to Bankruptcy Code sections 1519(a) and 1521(a), Petitioner hereby reserves all rights to seek, at any point (either before or after a change in circumstances under Bankruptcy Code section 1518), further and other relief from this Court that may be necessary to implement the Korean Bankruptcy Proceeding and to effectuate the purposes of chapter 15, including, without limitation, seeking to implement the Commencement Order, any plan of rehabilitation (the "<u>Rehabilitation Plan</u>") filed by the Company and approved by the Korean Bankruptcy Court and any related orders of the Korean Bankruptcy Court (the "<u>Plan Approval Orders</u>").

## REQUEST FOR WAIVER OF LOCAL BANKRUPTCY RULE 9013-1(B)

40.    It is respectfully requested that this Court waive and dispense with the requirement set forth in Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York that any motion filed shall be accompanied by a

15

memorandum of law on the grounds that the relevant authorities and legal authorities in support of the Verified Petition are contained herein. Notwithstanding the foregoing request, Petitioner reserves the right to file an appropriate memorandum of law should it become necessary under the circumstances.

## HEARING DATE AND NOTICE

41. Petitioner requests that the Court set a date for a hearing (the "Hearing Date") pursuant to Bankruptcy Code section 1517(c) and Local Bankruptcy Rule 2002-2 to approve the Petition and recognize the Korean Bankruptcy Proceeding as a foreign main proceeding. If no objections to this Petition are filed by the date ordered for such objections, Petitioner requests that the Court enter the Proposed Order recognizing the Korean Bankruptcy Proceeding as a foreign main proceeding without a hearing pursuant to Local Rule 2002-1. Petitioner submits that when the Hearing Date has been set by the Court, notice will be given as reasonable and appropriate and consistent with Bankruptcy Rule 2002(q).

42. In furtherance of this request, contemporaneously herewith, Petitioner has filed the *Application for Order Scheduling Hearing on Chapter 15 Petition and Specifying Form and Manner of Service of Notice of Hearing*.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, the Petitioner respectfully requests that this Court grant the relief requested and such other and further relief as may be just and proper.

Dated: March 1⁄2, 2015

By: _____
Chang-Jung Kim, custodian and foreign representative
of Daebo International Shipping, Co., Ltd.

Dated: New York, New York
       March ___, 2015

BLANK ROME LLP

By: _____
John D. Kimball
Michael B. Schaedle
Gregory F. Vizza (*pro hac vice* admission pending)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for the Foreign Representative of Daebo International Shipping Co., Ltd.*

## CONCLUSION

WHEREFORE, the Petitioner respectfully requests that this Court grant the relief requested and such other and further relief as may be just and proper.

Dated: March ___, 2015

By: _____
Chang-Jung Kim, custodian and foreign representative of Daebo International Shipping, Co., Ltd.

Dated: New York, New York
March 16, 2015

BLANK ROME LLP

By: */s/ Michael B. Schaedle*
John D. Kimball
Michael B. Schaedle
Gregory F. Vizza (*pro hac vice* admission pending)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for the Foreign Representative of Daebo International Shipping Co., Ltd.*