#1009-20033                                                                                                                          #1112729

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARDSON STEVEDORING & LOGISTICS SERVICES, INC., ET AL.**<br><br>    Plaintiffs,<br><br>**VERSUS**<br><br>**DAEBO INTERNATIONAL SHIPPING CO. LTD., ET AL.**<br><br>    Defendants<br><br>**THIS PLEADING APPLIES TO ALL CASES** | **CIVIL ACTION<br>NO: 15-490<br>C/W 15-494<br>       15-496<br>       15-758**<br><br>**SECTION "F"<br>JUDGE MARTIN L. C. FELDMAN**<br><br>**MAGISTRATE (5)<br>JUDGE MAGISTRATE MICHAEL B. NORTH** |

## MOTION TO VACATE MARITIME ATTACHMENT

**NOW INTO COURT,** through undersigned counsel and appearing solely and restrictively as the owner of the M/V DAEBO TRADER, Shinhan Capital Co., Ltd. (hereinafter õShinhanö) makes this limited appearance under Rule E(8), with the full reservation of all rights and defenses, to vacate the wrongful attachment of its property, the DAEBO TRADER. Shinhan moves this Court to issue an Order vacating the Rule B maritime attachments on the following grounds:

(1) Three (3) of the Rule B plaintiffs, Richardson Stevedoring & Logistics Services, Inc., SPV 1 LLC, and Jaldhi Overseas Pte., Ltd. have taken contradictory positions in the United States Bankruptcy Court for the Southern District of New York maintaining that Shinhan, not Daebo International Shipping Co., Ltd. (õDaeboö), is unequivocally

the owner of the DAEBO TRADER. In light of these judicial admissions, these plaintiffs should be judicially estopped from maintaining now or in the future their maritime attachments of the DAEBO TRADER;

(2) As a Rule E(4)(f) interested person, Shinhan moves this Honorable Court vacate all Rule B maritime attachments of the DAEBO TRADER on the grounds that Shinhan, not Daebo, is the owner of the vessel in light of additional evidence set for by Shinhan in its Memorandum in Support, thus establishing that the Rule B plaintiffs' attachments are no longer supported by probable cause as per this Court's March 2, 2015 Order (Rec. Doc. No. 24); and

(3) Shinhan also calls to this Court's attention that on March 19, 2015, the United States Bankruptcy Court for the Southern District of New York in connection with Daebo's bankruptcy proceeding issued an Order Granting Provisional Relief Pending Hearing On Petition for Recognition As A Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 105(a) And 1519 staying all proceedings affecting property comprising the bankruptcy estate of Daebo. Shinhan represents that this Order does not affect this Honorable Court's ability to vacate the Rule B attachments and release the vessel.

For these reasons and those more fully explained in the attached Memorandum in Support, Shinhan moves this Court to vacate all Rule B attachments of the DAEBO TRADER and release the vessel.

Respectfully submitted:

*/s/ Gavin H. Guillot*
Salvador J. Pusateri, T.A. (#21036)
Gavin H. Guillot (#31760)
Aaron B. Greenbaum (#31752)
**PUSATERI, BARRIOS, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Salvador.Pusateri@pbgglaw.com
Gavin.Guillot@pbgglaw.com
Aaron.Greenbaum@pbgglaw.com
Attorneys for Shinhan Capital Co., Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Gavin H. Guillot*