UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RICHARDSON STEVEDORING & LOGISTICS SERVICES, INC. | * * * | CIVIL ACTION |
| VERSUS | * * * | NO. 15-490 c/w 15-494 15-496 |
| DAEBO INTERNATIONAL SHIPPING CO., LTD. AND SHINHAN CAPITAL CO., LTD. | * * * * * | 15-758 SECTION " F " MAGISTRATE ( 2 ) |

**JOINT MEMORANDUM IN OPPOSITION TO MOTION TO EXPEDITE HEARING ON SECOND MOTION TO VACATE**

Plaintiffs SPV 1 LLC ("SPV"), Richardson Stevedoring & Logistics Services, Inc., ("Richardson"), American Marine Services, Inc. ("AMS"), Lark Shipping S.A. ("Lark Shipping"), and Jaldhi Overseas Pte. Ltd. ("Jaldhi"), each appearing through their undersigned counsel, respectfully oppose the Motion to Expedite Hearing on Motion to Vacate filed by Shinhan Capital Co., Ltd.[1]

This dispute began on February 14, 2015, when Richardson became the first creditor to seek and obtain an attachment of the M/V DAEBO TRADER pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure (hereinafter, "Admiralty Rule B"). Following Richardson's attachment, subsequent Admiralty Rule B attachments were obtained against the Vessel by SPV, AMS, Jaldhi,and Lark Shipping..

On February 23, 2015 – nine days after the Vessel was first seized – Dana Shipping and Trading, S.A. ("Dana Shipping"), appeared as a charterer of the vessel and moved to vacate the three attachments pending at the time. Dana Shipping requested, and was granted, an expedited

---

[1] Lark Shipping is a Plaintiff in Civil Action No. 15-814, which action undersigned counsel understands is in the process of being consolidated with the above captioned action.

1

hearing on its Motion to Vacate. With 48-hours' notice, Plaintiffs submitted Memoranda in Opposition to Dana Shipping's Motion to Vacate.

On March 2, 2015, the Court denied Dana Shipping's Motion to Vacate. In doing so, Your Honor found that Plaintiffs had submitted sufficient evidence to support their claims and theories of liability at the preliminary stage of proceedings reflected by a Rule E(4)(f) hearing. Noting that neither Daebo nor Shinhan had appeared (again, despite the Vessel having been under seizure for nearly three weeks), the Court further recognized that Plaintiffs would be allowed discovery into the relationship between Shinhan and Daebo and their respective interest(s) in the Vessel before being compelled to prove their claims to a further degree. Plaintiffs anticipate that such discovery could be completed within two (2) weeks.[2][3]

Despite the Court's ruling, neither Daebo nor Shinhan appeared in this consolidated action in the following days. Rather, on March 16, 2015 - more than a month after the seizure of the Vessel - Daebo filed a Chapter 15 Petition for Recognition of Foreign Proceeding. Notably, Daebo did not file in the Eastern District of Louisiana – where the Vessel was and is located, and where five lawsuits against it were pending – but in the Southern District of New York, claiming that a retainer paid to its bankruptcy attorneys in New York constituted its principal assets within the United States and made New York the appropriate venue for its Chapter 15 petition.[4]

In connection with its Chapter 15 petition, Daebo requested provisional relief under 11 U.S.C. § 1519 including, *inter alia*, (1) a stay against prosecution of any actions against Daebo

---

[2] This assumes that such discovery would be permitted under the bankruptcy stay put in place by Judge Wiles on March 19, 2015, discussed below.
[3] Order and Reasons dated March 2, 2015, p. 11.
[4] *See* Rec. Doc. No. 1 in *In re: Daebo International Shipping Co., Ltd.*, Civ. Action No. 15-10616, S.D.N.Y. Bankr. (hereinafter, the "Chapter 15 Action").

2

2439134-1

or its property and (2) vacatur of the pending attachments issued by this Court.[5] Similar to Dana Shipping, Daebo requested emergency consideration of its Motion for Provisional Relief.[6] Accordingly, in order to apprise the court of its position in advance of an emergency hearing scheduled for March 19, Plaintiffs prepared and filed their memoranda in opposition within approximately 48 hours.[7]

On March 19, 2015, the Honorable Judge Michael E. Wiles of the U.S. Bankruptcy Court for the Southern District of New York conducted a full-day hearing on Daebo's Motion for Provisional Relief.[8] The transcript of that hearing is not yet available – which, to the extent that transcript contains statements by Daebo material to this proceeding, itself weighs against expedited consideration of Shinhan's motion. The hearing resolved, however, with the court's entry of a provisional order staying all actions against Daebo but denying without prejudice Daebo's request to vacate the attachments pending in this District. As to the latter – and with the Court's involvement and encouragement – the parties discussed on the record a proposed resolution of the immediate issues involved in Daebo's motion for provisional relief. Upon information and belief, Daebo represented on the record that it would seek to obtain a special bond to secure the Vessel's release  If and when such a bond is posted, it will resolve any expedient circumstances (if not the merits of Shinhan's motion altogether), and will allow Judge Wiles to resolve the merits of other pending issues after a reasonable period of briefing. The parties have cooperated throughout the weekend of March 21-22 and this morning to arrive at a briefing schedule, as well as a contingency plan in the event Daebo is not able to post an

---

[5] *See* Rec. Doc. No. 4 in the Chapter 15 Action.
[6] *See* Rec. Doc. No. 5 in the Chapter 15 Action.
[7] *See* Rec. Doc. Nos. 15 & 18 in the Chapter 15 Action.
[8] The hearing commenced at 11:00 a.m. and, on information and belief, concluded after 8:00 p.m.

3

acceptable bond securing the Vessel's release. A copy of the scheduling Order agreed between Plaintiffs and Daebo and signed by Judge Wiles is attached as Exhibit A.

On March 22, 2015 – thirty-eight (38) days after the Vessel's seizure, twenty-four (24) days after the *first* Rule E(4)(f) hearing, and three (3) days after Judge Wiles took up the parties' dispute – Shinhan at last made its voice heard by the filing of its own Motion to Vacate. In connection therewith, Shinhan requests yet another "emergency" hearing at which Plaintiffs will be required to defend their attachment of the vessel a third time.

Respectfully, for the enumerated reasons set forth below, Shinhan's Motion to Expedite should be denied.

First, and most importantly, the Court has already ruled that Plaintiffs have met the *prima facie* burden applicable under Rule E(4)(f), and that upon Daebo's or Shinhan's appearance Plaintiffs should be allowed limited discovery before having to further substantiate their claims. Because Shinhan has only just appeared, no discovery has occurred. By demanding a second Rule E(4)(f) hearing at which the same *prima facie* standard will apply, Shinhan is essentially requesting that the Court reverse its prior ruling without allowing Plaintiffs even the tailored discovery to which they are entitled. Shinhan could have participated in the prior Rule E(4)(f) proceedings but, for whatever reason, chose not to. It should not be allowed now to avoid the consequences of that decision by challenging the result without submitting to discovery.

Second, if any emergency exists – and as set forth below Plaintiffs aver that none does – that emergency is of Shinhan's own creation. Shinhan has no doubt been aware of the Vessel's attachment and of the characteristics of the cargo onboard since the Vessel was first seized more than five weeks ago. Shinhan could have moved to vacate the attachments at any time during that period, during which the cargoes' condition would not have been at issue. Having chosen

not to do so and not to participate in either of the *two* emergency hearings which have already occurred, Shinhan should not be permitted to allege any condition of the cargo as supporting Shinhan's request for a third emergency hearing.

Finally, Shinhan's Motion to Expedite should be denied because no emergency exists. The only grounds offered by Shinhan in its Motion to Expedite is the unsupported suggestion that "[u]pon information and belief, the cargo bears substantial risk of spoilage after as early as sixty (60) days in the vessel's holds." In fact, Plaintiffs have obtained a statement from Mr. Boyce Butler, Laboratory Director of Thionville, Inc., attesting that based on his experience "analyz[ing] and inspect[ing] several thousand cargoes of soybeans," the "useful life of a cargo of soybeans is three to four months" under ordinary conditions – not sixty (60) days as Shinhan suggests without any support.[9] This declaration was sufficient to convince Judge Wiles that the cargo is not at imminent risk of deterioration. Out of an abundance of caution, though, Plaintiffs and Daebo (with Judge Wiles blessing) also agreed to have a surveyor attend onboard the Vessel to evaluate the cargo's actual condition, which survey is likely to take place within the next 2-3 days. With these issues resolved, Judge Wiles, Plaintiffs, and Daebo all agreed to maintain the Vessel's attachment while Daebo works to secure an acceptable bond for the Vessel's release. If and when that bond is posted, the vessel will be allowed to sail and Daebo will be left to defend Plaintiffs pending claims against the bond Daebo will have funded. Thus, posting of a bond by Daebo could resolve not only Shinhan's Motion to Expedite, but also Shinhan's Motion to Vacate. Daebo further agreed that if an acceptable bond cannot be obtained, the issues raised in its Motion for Provisional Relief may be dealt with at a hearing scheduled for April 24, 2015.

---

[9] *See* Declaration of Boyce Butler, attached as Exhibit B.

In summary, for the reasons set forth above and in the interest of judicial economy, then, Plaintiffs urge the Court to allow that ongoing process to reach its conclusion rather than spending additional resources resolving issues which do not need to be resolved now and may not need to be resolved ever.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Shinhan's Motion to Expedite be denied.

Respectfully submitted,

**CHAFFE McCALL, L.L.P.**

/s/ Alan R. Davis
Daniel A. Tadros, #21906, T.A.
Ivan M. Rodriguez, #22574
Alan R. Davis, #31694
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000

OF COUNSEL:

Dimitri P. Georgantas
Texas Bar No. 07805100
Federal I.D. No. 2805
801 Travis Street, Suite 1910
Houston, Texas 77002
(713) 546-9800 (Telephone)
(713) 546-9806 (Facsimile)
***Attorneys for SPV 1, LLC, and Lark Shipping S.A.***

2439134-1

**PHELPS DUNBAR LLP**

BY:  */s/ Michael M. Butterworth*
Michael M. Butterworth (#21265)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
michael.butterworth@phelps.com

**OF COUNSEL:**
Douglas T. Gilman
Texas Bar No. 24048496; Federal I.D. No. 19897
Brenton J. Allison
Texas Bar No. 24040417; Federal I.D. No. 36863
Francis I. Spagnoletti
Texas Bar No. 18869600; Federal I.D. No. 5369
GILMAN ✸ ALLISON LLP
*Attorneys for Richardson Stevedoring and Logistics Services, Inc.*


**ADAMS AND REESE LLP**

By: /s/ *L. Cole Callihan*
KYLE L. POTTS (#26472)
L. COLE CALLIHAN (#33756)
4500 One Shell Square
New Orleans, LA 70139
Phone: (504) 581-3234
Kyle.Potts@arlaw.com
Cole.Callihan@arlaw.com
*Attorneys for Jaldhi Overseas Pte. Ltd.*

2439134-1

**FRILOT L.L.C.**

*/s/ T. Patrick O'Leary*
Andrew S. de Klerk (LA 1045), T.A.
T. Patrick O'Leary (LA 30655)
Brandon K. Thibodeaux (LA 32725)
3800 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-3700
Phone:  504.599.8010
Fax:  504.599.8110
adeklerk@frilot.com
poleary@frilot.com
bthibodeaux@frilot.com
***Attorneys for Plaintiff, American Marine Services, Inc.***

2439134-1