#1009-20033                                                                                                          #1113147

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARDSON STEVEDORING & LOGISTICS SERVICES, INC., ET AL.**<br><br>    **Plaintiffs,**<br><br>**VERSUS**<br><br>**DAEBO INTERNATIONAL SHIPPING CO. LTD., ET AL.**<br><br>    **Defendants**<br><br>**THIS PLEADING APPLIES TO ALL CASES** | **CIVIL ACTION**<br>**NO: 15-490**<br>**C/W 15-494**<br>        **15-496**<br>        **15-758**<br><br>**SECTION "F"**<br>**JUDGE MARTIN L. C. FELDMAN**<br><br>**MAGISTRATE (5)**<br>**JUDGE MAGISTRATE MICHAEL B. NORTH** |

### REPLY MEMORANDUM TO PLAINTIFFS' OPPOSITION TO SHINHAN CAPITAL CO., LTD.'S EX PARTE MOTION FOR EXPEDITED HEARING

**MAY IT PLEASE THE COURT:**

Shinhan Capital Co., Ltd. ("Shinhan") files this brief Reply Memorandum in support of its Motion for Expedited Hearing on its Motion to Vacate Maritime Attachment. The plaintiffs raise three points in opposition to Shinhan's Motion to Expedite. Taking the third point first, plaintiffs obtained a statement from an individual claiming that in his experience and under ordinary conditions, the soybean cargo *in general* has a useful life of "three to four months."[1] Shinhan disagrees and attaches hereto a Statement Under Penalty of Perjury by Jeremy D. Seyfert (which the undersigned only obtained today), explaining that *this* soybean cargo at issue "should be able to remain in the holds of the vessel for about 60 days from the completion of

---

[1] *See* Rec. Doc. No. 45, p. 5.

loading date before [the cargo is] at risk of material deterioration."[2] Cargo operations were completed on February 18, 2015, so the cargo is at risk of material deterioration as early as April 19, 2015.[3] The vessel's voyage to its destination in China is estimated to last forty (40) days, so if the vessel departed today it is estimated to arrive on May 2, 2015 – a date after the commencement of risk of material deterioration of the cargo.[4]

As a basis for this opinion, Mr. Seyfert has reviewed the USDA certificates applicable to this particular soybean cargo and has personal experience with the Cargill storing and loading procedures (where the DAEBO TRADER was loaded with the cargo).[5] By contrast, the individual who signed the declaration provided by plaintiffs in their Opposition cannot speak as intelligibly and reliably about this cargo as Mr. Seyfert. Plaintiffs cite to the declaration of an individual whose opinions are not based upon this particular cargo, not based upon the USDA certificates pertaining to it, not based upon the Cargill storing and loading procedures, and not based upon the average moisture content of the cargo. As such, this Court should disregard plaintiffs' attempts to diminish the imminent potential harm to $25 million of cargo.

Next, addressing plaintiffs' first point in their Opposition that they have already met the *prima facie* burden applicable to Rule E(4)(4), Shinhan submits that this burden is not a *de minimis* burden such that, if a court finds that the burden has been met as to one Rule E(4)(f) "interested person," then the burden shall be deemed to have been met as to all interested persons. As Shinhan explained in its Memorandum in Support of Motion to Vacate Maritime Attachment, this Honorable Court previously ruled that, in connection with Dana Shipping's

---

[2] *See* Exhibit 1, ¶ 3.
[3] *Id*. at ¶ 2.
[4] *Id*. at ¶3.
[5] *Id*. at ¶ 3.

Rule E(4)(f) hearing on its earlier Motion to Vacate, the plaintiffs' allegations and evidence when viewed against Dana's Motion constituted sufficient evidence to demonstrate that the attachment of the vessel was supported by probable cause. Now, however, Shinhan as the true vessel owner has appeared to present dispositive evidence that would render whatever allegations and evidence submitted by plaintiffs to be insufficient to establish a *prima facie* case. Shinhan submits that this Court is not bound by its prior March 2, 2015 ruling on this issue because, as an interested party, Shinhan is entitled to seek an order from this Court vacating the attachment and that the plaintiffs must come forward with sufficient evidence in response to Shinhan's instant evidence for this Court to be called upon to fulfil its Rule E(4)(f) hearing duty to "merely hold[] that it is [or is not] likely" that alleged facts are true." *Austral Asia Pte Ltd., v. SE Shipping Lines Pte Ltd.*, 2012 WL 2567149, at *2 (E.D. La. July 2, 2012) (Engelhardt, J.). Providing guidance on this subject is *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, 2008 U.S. Dist. LEXIS 95674 (S.D.N.Y. 2008). In that case, the Court initially denied a defendant's motion to vacate on the grounds that the plaintiff had made a *prima facie* showing for alter ego liability and expressly declined to consider declarations submitted by the defendant in support of its motion to vacate. The defendant subsequently renewed its motion to vacate the attachment order urging the court to consider the two declarations it had provided in support of its original motion. In granting the re-urged motion to vacate, the Court stated that, "the law of the case doctrine is admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment . . . [A] court may reconsider an earlier order if there exists an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* at 5 (internal quotations omitted). Shinhan submits that in light of the

following new evidence, this Court should grant the instant Motion because it is not merely unlikely that the plaintiffs' alleged facts are false, but beyond reasonable dispute.

Finally, plaintiffs make much about the vessel's seizure several weeks ago and why Shinhan has not yet appeared. Obviously, Shinhan, a South Korean company, would prefer not to have to retain legal counsel in this matter to submit evidence that it owns a vessel that it unequivocally owns under South Korean law, and, but for Daebo's bankruptcy, Daebo would possibly have posted a bond to have the vessel released already. For whatever reason, Daebo has not posted a bond. While plaintiffs' make unsupported allegations that such a bond might be forthcoming, such does not change the fact that Shinhan, not Daebo, has now come forward as the owner of the wrongfully attached vessel. Plaintiffs, despite their complaints about responding on an expedited basis to a Motion to Vacate Maritime Attachment, originally engaged in a powerful yet risky maritime Rule B attachment of the DAEBO TRADER under baseless theories against Shinhan. Indeed, the attachment was predicated on theories that three (3) of the five (5) plaintiffs opposing the instant Motion to Expedite have openly contradicted in subsequently filed pleadings in the New York bankruptcy proceeding, as briefed in detail in Shinhan's Memorandum in Support of Motion to Vacate Maritime Attachment. This Honorable Court should not be sympathetic to plaintiffs' complaints about having to respond to a Motion to Vacate on an expedited basis when all indications are that the attachment was wrongful in the first instance.

Respectfully submitted:

*/s/ Gavin H. Guillot*
Salvador J. Pusateri, T.A. (#21036)
Gavin H. Guillot (#31760)
Aaron B. Greenbaum (#31752)
**PUSATERI, BARRIOS, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Salvador.Pusateri@pbgglaw.com
Gavin.Guillot@pbgglaw.com
Aaron.Greenbaum@pbgglaw.com
Attorneys for Shinhan Capital Co., Ltd.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of March, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Gavin H. Guillot*