| | |
|---|---|
| RICHARDSON STEVEDORING<br>& LOGISTICS SERVICES, INC. | CIVIL ACTION |
| v. | NO. 15-490<br>c/w 15-494<br>15-496<br>15-758<br>15-814 |
| DAEBO INTERNATIONAL SHIPPING CO. LTD., ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is a request by four of the five plaintiffs in this consolidated proceeding to continue the submission date on Shinhan Capital Co.'s motion to vacate maritime attachment of the M/V DAEBO TRADER.[1] For the reasons that follow, the request is DENIED.

**Background**

In these consolidated cases, the plaintiffs insist that Daebo International Shipping Co., Ltd. has cheated the plaintiffs out of approximately $2 million and that its ownership scheme with Shinhan Capital Co., Ltd. should not shield Daebo from the Rule B attachment remedy.

---

[1] The request is by Richardson Stevedoring & Logistics Services, Inc. (15-494), SPV 1, LLC (15-494), Lark Shipping S.A. (15-814), and Jaldhi Overseas Pte. Ltd. (15-758), but not by American Marine Services, Inc (15-496).

1

Beginning in mid-February 2015 the M/V DAEBO TRADER was seized in this District pursuant to writs of foreign attachment granted by this Court pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Additional procedural background of this matter is summarized in this Court's March 2, 2015 Order and Reasons denying the DAEBO TRADER's time charter's motion to vacate. Shinhan Capital Co., having recently entered a limited appearance, submits that, as the vessel's owner, it has an interest in securing the immediate release of the M/V DAEBO TRADER, which it submits is loaded with 57,000 metric tons of soybean cargo -- a perishable commodity with a market value of approximately $25 million -- that is bound for China on a voyage that is estimated to last 40 days. Shinhan's motion to vacate is noticed for submission on April 8, 2015. Four of the five plaintiffs now request that the Court continue the submission date on the motion to vacate so that the plaintiffs will have an opportunity to conduct limited discovery.

I.

The plaintiffs submit that this Court should continue the April 8 submission date on Shinhan's motion to vacate vessel attachment; they propose that they be given two days to prepare discovery requests, that Shinhan be given one week to respond, and that the plaintiffs be given five business days to analyze Shinhan's responses and prepare their opposition to Shinhan's

2

motion to vacate.[2] Shinhan opposes the plaintiffs' motion to continue on various grounds, including that the plaintiffs' demand for discovery is unnecessary, unsupported, unwarranted, and untimely. Shinhan evidently believes that the plaintiffs' discovery request is a delay tactic that fails to overcome its right to a "prompt" Rule E(4)(f) hearing. Based on the record and measured against Shinhan's right to a prompt hearing, the Court agrees.

The plaintiffs do not dispute that Shinhan, as an interested person, is "entitled to a prompt hearing" under Rule E(4)(f). Although the Court denied Shinhan's motion to expedite its motion to vacate, it finds no reason to delay the motion further. The plaintiffs fail to persuade the Court that the discovery schedule that they propose should be adopted now to delay the April 8, 2015 hearing date. Shinhan made its restricted appearance on March 18, 2015. For the first time on March 26, 2015 the plaintiffs proposed a limited discovery schedule.[3] Most notably, the plaintiffs offer

---

[2]In support of delaying this matter for discovery, they point to this Court's March 2, 2015 Order and Reasons in which the Court noted "once Daebo or Shinhan appear, the parties will target their discovery efforts on this pivotal issue: the extent of Daebo's attachable interest in the DAEBO TRADER."

[3]Plaintiffs correctly note in their reply papers that they could not commence discovery under the Federal Rules until defendant Shinhan appeared. And indeed Shinhan only appeared relatively recently. That the plaintiffs have not attempted to commence discovery since Shinhan appeared, however, is somewhat curious considering that all counsel do not hesitate to seek expedited consideration of each and every type of relief requested of the Court.

up no reason why they have not identified the sort of evidence they expect to uncover, or why they have not before now attempted to obtain whatever discovery they seek. On this record, Shinhan's right to a prompt hearing overcomes the plaintiffs' tentative discovery endeavor.[4]

Accordingly, preserving Shinhan's right to a prompt post-attachment hearing, IT IS ORDERED: that the plaintiffs' request to continue the April 8, 2015 submission date on Shinhan's motion to vacate is DENIED; the motion to vacate maritime attachment will be heard on the papers on April 8, 2015. IT IS FURTHER ORDERED: that opposition papers are due not later than April 2, 2015, and any reply is due not later than Monday, April 6, 2015.

New Orleans, Louisiana, March 30, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that the parties dispute whether or not the soybeans onboard the DAEBO TRADER are at an imminent risk of spoilage. While Shinhan offers up a declaration from one Jeremy Seyfert, who attests that the moisture content of the soybeans face a risk of deterioration beginning at 60 days from the completion of loading, the plaintiffs offer up published industry guidance from Ulysses A. Acasio, whose published materials (not specific to this cargo) indicate that soybeans with the moisture content attested to by Seyfert have a storage life exceeding one year. Moreover, the plaintiffs have attempted to arrange for a surveyor to evaluate the soybeans' actual condition for the parties' and the Court's benefit. But Shinhan has apparently rejected the plaintiffs' request to jointly inspect and evaluate the soybeans' cargo. The Court indeed finds this suspicious, but there is nothing before the Court asking the Court to resolve this specific debate.