UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RICHARDSON STEVEDORING                          CIVIL ACTION
& LOGISTICS SERVICES, INC.

v.                                              NO. 15-490
                                                c/w 15-494
                                                    15-496
                                                    15-758
                                                    15-814

DAEBO INTERNATIONAL SHIPPING CO. LTD., ET AL.   SECTION "F"

ORDER

Before the Court is Shinhan Capital Co., Ltd.'s motion to vacate maritime attachment, presently noticed for submission on April 8, 2015, on the papers.

The most compelling arguments advanced in support of vacating the maritime attachments of the M/V DAEBO TRADER are that (1) assuming South Korean law applies to the plaintiffs' fraudulent transfer claim, it is uncontroverted that the financing arrangement that the plaintiffs submit is a sham is, in fact, viable under South Korean law such that Shinhan is the owner of the DAEBO TRADER; and (2) because the bankruptcy stay applies to Daebo's chartered or leased property (the DAEBO TRADER), even if the plaintiffs could prevail on their fraudulent transfer theory,[1] the

---

[1] Curiously, the plaintiffs continue to advance their alter ego theory, but appear to concede that the "traditional 'alter ego factors'" do not apply to these facts; rather, they

1

Court should nevertheless vacate the attachment because continued attachment would be futile and could not provide jurisdiction or security for the plaintiffs' claims.

Additional briefing will advance resolution of these issues. Accordingly, IT IS ORDERED: that not later than Monday, April 13, 2015, the parties must submit simultaneous supplemental papers addressing the choice of law issue raised by the plaintiffs' fraudulent transfer claim, which implicates the South Korean Lease Agreement; the parties must also address the implications of the bankruptcy stay that by its terms applies to Daebo's leased property.

IT IS FURTHER ORDERED: that the submission date on Shinhan's motion to vacate is hereby continued to April 16, 2015, on the papers.

New Orleans, Louisiana, April 8, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

suggest that this theory of liability arises out of their joint participation in a fraudulent transfer meant to conceal the DAEBO TRADER from creditors. Begging two, related questions: (1) whether the plaintiffs' alter ego and fraudulent transfer theories are distinct; and (2) if so, whether the plaintiffs concede that they cannot prevail on their alter ego theory.