UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
RICHARDSON STEVEDORING                              CIVIL ACTION
& LOGISTICS SERVICES, INC.

v.                                                  NO. 15-490
                                                    c/w 15-494
                                                        15-496
                                                        15-758
                                                        15-814

DAEBO INTERNATIONAL SHIPPING CO. LTD., ET AL.       SECTION "F"
```

ORDER AND REASONS

Before the Court is plaintiff Richardson Stevedoring and Logistics Services, Inc.'s motion to share expenses *in custodia legis*. For the reasons that follow, the motion is DENIED without prejudice.

**Background**

Richardson Stevedoring & Logistics Services, Inc. was the first plaintiff to file its verified complaint against Daebo International Shipping Co., Ltd. and Shinhan Capital Co., Ltd. on February 14, 2015. The next day, when the Court issued its order granting Richardson's Rule B motion for writ of attachment and garnishment, Richardson paid the initial $10,000.00 deposit to the U.S. Marshal for seizure of the M/V DAEBO TRADER. The vessel was seized on February 18, 2015 by the U.S. Marshals and Lakeview Services, LLC was designated as substitute custodian.

Since then, four more plaintiffs filed similar actions and

1

attached the vessel pursuant to Rule B: SPV 1 LLC, American Mrine Services, Inc., Jaldhi Overseas Pte. Ltd., and Lark Shipping S.A. The cases were consolidated. Although Richardson, SPV, and Lark have reached an agreement to share *in custodia legis* fees and expenses incurred by Richardson on a pro rata basis according to the relative amount being claimed by each plaintiff, plaintiffs AMS and Jaldhi apparently have declined to contribute or pay for the expenses.

The vessel is afloat and anchored at Belle Chasse Anchorage on the Mississippi River near Belle Chasse, under attachment. Lakeview has served as substitute custodian, insurance coverage was acquired, and a condition and valuation survey was performed on March 30, 2015 at the request of the U.S. Marshals Service. Launch services have also been provided to the vessel to accommodate changeover of Lakeview personnel. To date, the plaintiffs have paid four separate deposits totaling $40,000.00 toward *custodia legis* fees and expenses. Richardson Stevedoring and Logistics Services, Inc. now requests that this Court issue an order requiring that all Rule B attachment creditors share the *custodia legis* expenses on a pro-rata basis, or be dismissed from the case.

I.

Richardson urges the Court to exercise its equitable discretion and require that all plaintiffs share in all expenses *in custodia legis* on a pro rata basis according to the relative amount

being claimed by each respective plaintiff.  AMS counters that the authority invoked by Richardson is not binding.  Having to front the cost of *custodia legis* expenses, AMS submits, is the price of priority status.  The Court agrees.

In exercising its "broad equitable authority over the administration of maritime seizures," the Court may order the allocation of the proportion of expenses *in custodia legis* to be shared by an intervenor and the arresting party.  See <u>Beauregard, Inc. v. Sword Services LLC</u>, 107 F.3d 351 (5th Cir. 1997)(upholding district court order conditioning intervenor's participation upon an order requiring equal sharing of expenses *in custodia legis*).  Although AMS seeks to distinguish <u>Beauregard</u> as well as the persuasive authority cited by Richardson, the Court finds that it has the discretion to grant the relief requested by Richardson.  But at this stage of the proceedings, it declines to do so.  Informing the custom as to the timing of fashioning the discretionary remedy sought by Richardson, the Fifth Circuit has observed in an analogous scenario that:

> Courts routinely enter orders that divide the *custodia legis* expenses among the parties of an *in rem* action.  When such orders are entered is largely discretionary and vary in different cases.  Often the party that filed a suit will pay the entire cost of maintaining the res until the resolution of the case.  At the judicially ordered sale, the cost of maintenance is deducted from the sale of the proceeds before the remaining proceeds are divided among the claimants.

<u>Id.</u> at 353.  Here, AMS submits that it is a family-owned marine

surveying business that is going broke because Daebo has refused to pay over $300,000 in invoices. For this reason, its counsel is retained on a contingency fee basis. AMS points out that a potential claim by the vessel's mortgage holder plus Richardson's prioritized $1.6 million claim could squeeze out AMS if the vessel does not sell for the full estimated $10 million market value at auction.

Richardson's request to share costs and its proposed method of allocation is reasonable. However, Richardson has not offered up any persuasive reason as to why its request should be granted now. Under the circumstances, the Court is not persuaded to exercise its equitable discretion to order, now -- on pain of dismissal -- that all Rule B attachment creditors must share the *custodia legis* expenses on a pro rata basis.[1] Accordingly, the motion is DENIED without prejudice.

New Orleans, Louisiana, April 8, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] Of course, the Court encourages the plaintiffs to come to their own agreement.