# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARDSON STEVEDORING & LOGISTICS SERVICES, INC., ET AL.** | **CIVIL ACTION** **NO:  15-490** **C/W 15-494, 15-496, 15-758** |
| **Plaintiffs,** | **APPLIES TO ALL CASES** |
| **vs.** | **SECTION "F"** **Honorable Martin L.C. Feldman** |
| **DAEBO INTERNATIONAL SHIPPING CO., LTD. and SHINHAN CAPITAL CO., LTD.** | **MAGISTRATE (5)** |
| **Defendants.** | **Honorable Michael B. North** |

## AMERICAN MARINE SERVICES, INC.'S SUPPELEMENTAL MEMORANDUM IN OPPOSITION TO SHINHAN CAPITAL CO., LTD'S MOTION TO VACATE MARITIME ATTACHMENT

**MAY IT PLEASE THE COURT:**

Plaintiff, American Marine Services, Inc. ("AMS"), respectfully submits this Memorandum to address the legally and factually incorrect argument made in Shinhan Capital Co. Ltd.'s ("Shinhan") Supplemental Memorandum in Support of Motion to Vacate Maritime Attachment filed as Record Doc. No. 87.  As an initial matter, AMS adopts and incorporates that Supplemental Memorandum filed by the other Plaintiffs in these Consolidated Civil Actions as Record Doc. No. 88, but is forced to respond separately in light of the unfounded allegations made specifically against AMS in Shinhan's subsection (2)(b).[1]

---

[1]  Undersigned counsel represented Ya-Sa and counsel for SPV1 / Lark represented Kriti Filoxenia in the case before Judge Lemmon and later the Fifth Circuit discussed in Shinhan's Supplemental Memorandum.  Although we were on different sides of that case, the undersigned feels comfortable stating that Messrs. Tadros and Davis would agree that the *Kriti Filoxenia* case is distinguishable on its facts from the Civil Actions at issue, and the holding inapposite to the alter ego / fraudulent transfer claims made herein.

Shinhan, who has not been engaged in the negotiations relating to the bankruptcy proceeding, seeks to place blame for the lack of movement in the bankruptcy at the feet of AMS. It would be helpful to all parties in this matter if Shinhan confined its briefing to areas in which it is a participant and fully informed.  Frankly, the arguments raised by Shinhan place AMS in a difficult position.  As this Court is aware, settlement negotiations should never be fodder for pleadings in open court.  Suffice it to say and without violating the spirit or letter of the Federal Rules of Evidence, AMS is not to blame for the failure of a special bond to be posted.  After repeatedly trying to be a part of the negotiations between the bankruptcy lawyers appointed by Daebo and its foreign representative and by Plaintiffs Richardson, SPV1 and Jalhdi, AMS was finally presented with a document that was termed as a near final agreement between those parties.  AMS was asked to accept that document with the concessions made by the other Plaintiffs.  AMS refused to accept a "special bond" that was not in fact a "special bond" as envisioned by Rule E(5) of the Supplemental Admiralty Rules.  As stated multiple times to all parties, the bond did not contain a satisfactory uptick as allowed by the Federal Rules of Civil Procedure and local practice.  AMS's concerns were unheeded.  Furthermore, this "bond" did not provide security for all claims that were advanced against the defendants herein as a "special bond" would.  AMS would note that when it raised this point during the bankruptcy hearing on April 9, 2015, the Bankruptcy Court agreed with AMS's reluctance to accept the stipulation that had been negotiated by the other parties.  Shinhan ignores that important fact.

Throughout these proceedings, the other parties, much like Shinhan now, have attempted to bully AMS into taking what is being offered.  As is AMS's right, it has refused and will continue to refuse until it is properly protected as envisioned by the Supplemental Admiralty Rules.  For this, it is respectfully submitted, AMS should not be punished.

Furthermore, AMS (to the consternation of the New York attorneys) continues to contend that the United States Bankruptcy Court for the Southern District of New York is the improper venue for the bankruptcy proceedings.  Under the explicit language of the relevant venue statute, venue properly lies in the United States Bankruptcy Court for the Eastern District of Louisiana.  As a result, AMS timely and properly moved to transfer venue.  Despite AMS's continued efforts up until the date of this filing, it has been unable to secure a hearing on its motion.  Daebo has, to date, made it a condition precedent to any settlement that all Attachment Parties waive their venue objections.   AMS contends that is improper because venue of the bankruptcy proceeding is in no way related to the posting of a special bond to release a vessel in an admiralty case.  The other Plaintiffs may have been willing to waive their FRCP 12 defenses at one point,[2] but AMS is not.

Furthermore and most importantly, Shinhan selectively provides portions of the exchange with the bankruptcy court.  At the hearing on April 9, 2015, AMS did not want to accept the stipulation offered by a bankrupt debtor and place itself into a worse situation because the ultimate bond could be deemed an asset of a bankruptcy estate and thereby vacated.  AMS would note that as a result of its valid concerns, the parties were admonished by the bankruptcy court on April 9, 2015 to continue negotiations and report back at 1:00 p.m. New York time on April 13, 2015.  In the meantime, the parties have made great strides in closing the gaps between them.  Of note, certain revisions ensuring that the bond could not be clawed back because it was posted by Daebo have been accepted in principal as was reported to the bankruptcy court earlier today.  A telephone conference with the bankruptcy court is set for this coming Thursday afternoon, April 16, 2015, and further strides are hoped to be made towards a resolution before then.  A call

---

[2]     Whether the other Plaintiffs are still willing to waive their venue objections is unclear in light of comments made by their counsel midway through the April 9, 2013 hearing in which he attempted to make an oral motion to transfer venue.

between counsel for Daebo and its foreign representative and AMS is planned for tomorrow morning.

In light of the above, AMS takes exception to the baseless arguments leveled against it. AMS is a small family run business that has been pushed to the brink of collapse by Daebo's continuing failure to pay its debts and to seek bankruptcy protection.  Daebo's ability to hide its assets has been greatly assisted by Shinhan and its use of its wrongly-labeled "Vessel Lease Agreement."

Notwithstanding the foregoing, AMS would note that it has not been an impediment to Daebo using its best efforts to secure a bond.  AMS has not stopped Daebo from going to its banks or other entities that provide financial support to attempt to secure a special bond for the release of the vessel as provided by the Supplemental Admiralty Rules.  Shinhan's suggestion otherwise is disingenuous at best.  Furthermore, Shinhan seems to suggest that because AMS has one of the smaller claims its voice should count for less.  This is preposterous.  AMS did not create this situation.  Finally, Shinhan, as a solvent defendant in this matter claiming an ownership interest in the subject vessel, could remedy the state of affairs by posting a bond as provided by the Supplemental Admiralty Rules itself.  It is telling that Shinhan chooses not to, but instead blames a small family run American business.

Respectfully submitted,

_/s/ Andrew S. de Klerk_
Andrew S. de Klerk (LA 1045), T.A.
T. Patrick O'Leary (LA 30655)
Brandon K. Thibodeaux (LA 32725)
**FRILOT L.L.C.**
3800 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-3700
Phone:  504.599.8010
Fax:  504.599.8110
adeklerk@frilot.com
poleary@frilot.com
bthibodeaux@frilot.com
**Counsel for Plaintiff,**
**American Marine Services, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading via the United States

District Court's electronic filing system, CM/ECF, on this 13th day of April, 2015.

_/s/ Andrew S. de Klerk_

5